CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

07/02/2026

LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHERWIN T. FARMER,       )
    Plaintiff,            )
                        )   Civil Action No. 7:25-cv-00918
v.                       )
                        )   By: Elizabeth K. Dillon
ROANOKE CITY POLICE      )        Chief United States District Judge
DEPARTMENT, et al.,      )
    Defendants.           )

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Sherwin T. Famer ("Farmer") has filed a civil complaint and moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). The court will grant Farmer's second motion for leave to proceed in forma pauperis (Dkt. No. 4). But, pursuant to 28 U.S.C. § 1915(e)(2), the court will sua sponte dismiss his complaint (Dkt. No. 1) and grant him leave to file an amended complaint. If Farmer wishes to continue with his lawsuit, he should file an amended complaint that corrects the deficiencies noted below within thirty days. The court also denies Farmer's motion for default judgment. (Dkt. No. 7.)

I. BACKGROUND

Farmer names four defendants: the Roanoke City Police Department, the Public Defenders Office (presumably of Roanoke City), the Judicial Inquiry and Review Commission, and the Virginia State Police Division. (Compl. 2, Dkt. No. 1.) He has used a standard complaint form and invokes this court's federal-question jurisdiction. (*Id.* at 3.) In response to the form's request that he list the "federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue," Farmer has written, "civil rights, human rights, and constitutional rights." (*Id.*) Attached to the form complaint are four separate documents, each one titled "complaint" and setting forth the allegations against one of the four defendants.

Farmer's first attached complaint, which is by far the longest of the four, contains his allegations against the Roanoke City Police Department.  Farmer alleges that in November 2024, he attempted to report several crimes to the Roanoke City Police Department (the theft of vehicles from his yard and later someone throwing a brick through the back window of the jeep he was driving).  Unnamed police officers either ignored his complaints, failed to investigate, or instead allowed someone to file false charges against him and place a protective order against him.  (*Id.* at 6–12.)  He claims that this action showed that the police department and the "legal system" were exhibiting "bias, Un-justice, discrimination, and an Act of Malicious Prosecution."[1]  (*Id.* at 7.)  The criminal charges against him ultimately were nolle prossed.

Additionally, Farmer repeatedly attempted to follow up with the police department about the stolen vehicles, including on at least two specific occasions in March 2025.  He alleges that he was repeatedly made to wait to speak to officers and was again treated with bias and injustice. He also was denied a meeting with the department head, a meeting to which he believes he was entitled.  (*Id.* at 9–10.)  Eventually, he was advised that the vehicles had been demolished.  He contends that if the department "had acted at the time and knew the Constitution and the Citizen's Rights, the Plaintiff would have three vehicles, and they would not be demolished." (*Id.* at 10.)

This first complaint also discusses Farmer's own criminal history and points to a history of interactions with the police "in the last 11 years," which he says show that the Roanoke City Police Department "has failed to serve and protect" his constitutional rights and instead treated him with bias and injustice.  (*Id.* at 7–8; *see also id.* at 8–9 (alleging that defendants have "treated him like vigilante" since his release from prison).)  He repeatedly claims a violation of

---

[1]  Farmer often refers to "basie" or "basic" against him, but, based on the context in which those terms appear, the court believes he means "bias."

his constitutional rights but does not identify any specific right that he believes was violated or any specific individual who he believes violated those rights. (*Id.*) Instead, the complaint occasionally refers generally to "due process" and says that the "Rico Act applies."

Farmer's second complaint arises from the criminal charges against him, supposedly brought in "Juvenile District Court" in Roanoke City. (*Id.* at 13–14.) He is suing the "Public Defenders Office," who provided an attorney to represent him in those proceedings. He contends that his attorney, whom he does not name, allowed the "stain" to be on his record by accepting the nolle-prossed result.[2] (*Id.* at 13.) He explains that he did not want to accept that outcome, fought against it in court, and apparently wanted an acquittal instead.

He argues that the nolle prossing of charges "can cause a Citizen to be called a Menace to Society in a Federal Court Room" and insists "there has to be a change." (*Id.*) He requests "a Full Review over all matters or cases involving Noelle Prosequi [sic] that is being used to violate Constitutional and Civil Rights" and a "Full Reform over the Department with a committee for the Plaintiff and the Public to review all improvements and changes within the Department." (*Id.* at 13, 14.)

In his third complaint, Farmer elaborates about his treatment on the nolle-prossed charges, alleging that the judge (whom, again, he does not name) acted with bias, discrimination, and "UN-Justice." Farmer again alleges that there was malicious prosecution. He asks for an

---

[2] Charges that are nolle prossed do not leave a "stain" in the same way a conviction does, because they are not a conviction. At the same time,

> [a]n entry of *nolle prosequi* "generally does not act as an acquittal." *See Commonwealth v. Garrett*, 276 Va. 590, 667 S.E.2d 739, 748 (2008). Rather, "[u]nder Virginia procedure[,] a nolle prosequi is a discontinuance which discharges the accused from liability on the indictment to which the nolle prosequi is entered." *See Miller v. Commonwealth*, 217 Va. 929, 234 S.E.2d 269, 273 (1977).

*Moretti v. Thorsdottir*, 157 F.4th 352, 358–59 (4th Cir. 2025).

investigation into the matter and "any cases involving this Judge and Legal System actions." (*Id.* at 15.)  He also asks that "all cases that's involves with Nollie Prosequi be investigated by a Federal Committee," arguing that "the Nollie Prosequi is being used as a conviction or ruling, which stains a Citizen's record even when it is not an innocent or guilty stain." [sic] (*Id.*)  He asks for a "Full Reform" and "change to better the Legal System." (*Id.*)

In his fourth attached complaint, Farmer identifies the Virginia State Police Division as a defendant, but he identifies no actions or omissions by the Virginia State Police.  He simply states that defendant "allowed the Legal System Departments to cause harm and property damages" and asserts that the acts of the other departments (presumably the other defendants) are "under the control of the State of Virginia." (*Id.* at 17.)

## II.  REVIEW OF COMPLAINT

The in forma pauperis statute requires this court to sua sponte dismiss a case for several reasons, including where the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).  In conducting that review, the court must liberally construe Farmer's pro se pleading.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Fourth Circuit also has recently stated that "[w]hen the body of a pro se complaint makes it clear than an additional party is intended as a defendant, the district court must act accordingly."  *Nichols v. Bumgarner*, 173 F.4th 511, 519 (4th Cir. 2026).

Even with a liberal construction, and even if the court were to treat Farmer's complaint as naming additional individual defendants, the complaint suffers from several flaws and fails to state a claim.  Accordingly, it must be dismissed.

4

### A. 42 U.S.C. § 1983

Other than passing references to the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962 *et seq.*, Farmer does not identify or describe any federal law or constitutional provision that he believes has been violated. But he alleges a violation of his "civil rights" and "constitutional rights," and such claims are typically brought in federal court under 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Thus, a § 1983 claim may only be asserted against defendants acting under color of state law.

Further, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977))).

### B. Claims Against Unnamed Individuals Who Farmer May Have Intended to Be Defendants

Farmer describes the conduct of some individuals (such as some Roanoke City Police officers and the attorney who represented him), but as to the officers, for example, he does not allege which officers took which actions. Further, he has not provided any of their names in his complaint, nor has he named any of them as defendants (not even as a John Doe defendant).

Even if the court were to broadly apply the Fourth Circuit's recent pronouncement in *Nichols v. Bumgarner*, 173 F.4th 511, 519 (4th Cir. 2026), and construe Farmer's complaint as asserting claims against these unnamed individuals, he has not adequately stated any § 1983 claim against them.[3] He fails to identify what right he believes each of them violated or by what specific action. A broad and general claim of bias or injustice does not adequately state a violation of any statute or constitutional provision. Still, the court will allow Farmer to file an amended complaint if he believes he can provide specific information and identify specific claims against a specific defendant or defendants.

Similarly, even if the court were to construe his other claims as being brought against any individual participants in the judicial process (whom he, again, did not name), he also fails to state a claim against them.

First, his state-appointed public defender is not a proper defendant to any § 1983 claim. Indeed, the Fourth Circuit has squarely held that a defense attorney in a criminal proceeding (even one appointed by the court) does not act under color of state law. *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (noting private attorneys do not act under "color of state law" by using the "state's court system"); *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (holding a state-appointed attorney was entitled to dismissal of a § 1983 claim for "want of state action").

As the Fourth Circuit has explained,

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154 (4th Cir.

---

[3] It is unclear whether *Nichols* has any application here at all. There, the complaint clearly and directly challenged the actions of a particular officer as being a perpetrator of excessive force and his conduct as wrongful. The Fourth Circuit concluded that, even though he was not named as a defendant in the style of the case, the court should have treated him as a defendant or, at least, allowed the plaintiff to add him. Here, by contrast, Farmer lumps together officers and does not emphasize the actions of any particular one nor name any of them. Moreover, the crux of his complaints seems to be against "the system" more generally, and the primary relief he seeks is more systemic reform.

> 1980), or employed as public defenders, *Polk County v. Dodson*,
> 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, 8 F.3d 823 (4th Cir. 1993) (unpublished opinion). Thus, to the extent Farmer's

complaint should be construed as naming his attorney in his state criminal proceedings, he fails

to state a § 1983 claim against that attorney.

Similarly, to the extent Farmer's complaint could be construed as asserting a claim

against the judge involved in his criminal case, that claim fails because the judge is entitled to

judicial immunity for the challenged actions. Judicial immunity clothes judges with absolute

immunity from liability in damages for their judicial or adjudicatory acts. *Forrester v. White*,

484 U.S. 219, 225–26 (1988). Judicial immunity is an absolute defense, not merely to liability or

damages, but to suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

There are two possible exceptions to judicial immunity. Specifically, it does not shield a

judge for (1) non-judicial acts; or (2) acts taken in the clear absence of all jurisdiction. *Id.* at 11–

12. Neither exception applies here. The actions that Farmer challenges were all in the context of

Farmer's criminal case. They thus were judicial acts because they were "function[s] normally

performed by a judge" and Farmer "dealt with the judge in his judicial capacity." *Mireles*, 502

U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Farmer does not plausibly

allege that the judge lacked jurisdiction to rule, either, so the second exception does not apply.

Accordingly, even if he or she had been named as an individual, the judge at issue would be

entitled to judicial immunity, and the claim against the judge would fail.

## C. Claims Against the Virginia State Police

Regarding Farmer's claims against the Virginia State Police (VSP), they fail because the

VSP has Eleventh Amendment immunity and is not a "person" subject to liability under § 1983.

*See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356,

365 (1990) ("[A]n entity with Eleventh Amendment immunity is not a 'person' within the

meaning of § 1983.").  Under the Eleventh Amendment to the U.S. Constitution, "an

unconsenting State is immune from suits brought in federal court by her own citizens as well as

by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).  This immunity

extends to "state agencies" and other "arms of the state." *Cromer v. Brown*, 88 F.3d 1315, 1332

(4th Cir. 1996).  Unless a State's Eleventh Amendment immunity has been waived or abrogated,

any claim against a State or a state agency is "barred regardless of the relief sought." *Puerto

Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993).  The Eleventh

Amendment thus bars Farmer's claims in this court against the Virginia State Police, which is an

agency of the state.  *Benton v. Layton*, 628 F. Supp. 3d 661, 666 (E.D. Va. 2022) (citing *Will*, 491

U.S. at 70).

### D.  Claims Against the Other Entities

Farmer's claims against the other three entities also fail for various reasons, and the court

touches on a few.  First, and for the same reasons already discussed above, any claim against *the

office* of Farmer's public defender fails for want of state action.

Farmer's claim against the Roanoke City Police Department fails because a police

department is not an entity that can be sued or a "person" under § 1983.  *Santiago v. Lynchburg

Police Dep't*, No. 7:23-cv-00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) (collecting

authority).  Even if he had named an entity like Roanoke City, there is no respondeat superior

liability under § 1983, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), so any claim against the City

may not be based on the actions of specific officers.  Instead, any such claim would have to be

based on the City's own policies or actions.

In particular, "[l]ocal governing bodies . . . can be sued directly under § 1983 . . .

where . . . the action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). To be held liable, a governmental entity's official policy or custom must have played a part in the alleged violation of federal law. *Okla. City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Farmer does not allege that any official policy or custom of Roanoke City was responsible for whatever violations or injuries he allegedly suffered. For these reasons, Farmer's claims against the Roanoke City Police Department also fail.

As for the final defendant—the Judicial Inquiry and Review Commission—the creation of that entity is required by Virginia's Constitution. Va. Const., art. 6, § 10 ("The General Assembly shall create a Judicial Inquiry and Review Commission . . . vested with the power to investigate charges which would be the basis for retirement, censure, or removal of a judge."). As best the court can tell, Farmer has named this entity as a defendant because he believes that it can assist with certain reforms he wants to the legal system. But he does not allege that he filed any complaint with that entity, or that the entity or any of its employees took any action at all (or failed to act) regarding him. And, in any event, there is no independent constitutional right to have allegations of wrongdoing investigated by government officials. *Moss v. Youngkin*, No. 7:23-cv-00457, 2024 WL 4008652, at *6 (W.D. Va. Aug. 30, 2024) (citing *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683 (8th Cir. 1992)). Because he has not alleged that he was harmed by any action of the Judicial Inquiry and Review Commission, Farmer has failed to state a claim against it.

***

Farmer has failed to state a claim for which relief can be granted against all defendants, and the court will dismiss his complaint. Because the court cannot definitively conclude that Farmer could not state a claim with additional factual allegations, and because plaintiff is acting

9

*pro se*, the dismissal will be without prejudice, and Farmer will be given thirty days to file an amended complaint, if he so chooses.

## B. Motion for Default Judgment

Farmer also has filed a motion for default judgment, in which he argues that the named defendants' failure to respond to his complaint means that a default judgment should be entered against them. (Dkt. No. 7.) He is wrong.

The court has not ordered service on any defendant, so no defendant has yet been served. And proper service of process upon a party is "a prerequisite to a court granting default judgment." *Banilla Games, Inc. v. Guangzhou Yingfeng Tech. Co.*, No. 3:23-cv-00182, 2023 WL 7413327, at *2 (E.D. Va. Nov. 9, 2023) (citations omitted). Because they have not been served, defendants have not "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), and neither an entry of default nor a default judgment against them is appropriate.

III.  SUMMARY AND ORDER

For the reasons above, the court ORDERS as follows:

1. Farmer's second motion to proceed in forma pauperis (Dkt. No. 4) is GRANTED;

2. Farmer's motion for default judgment (Dkt. No. 7) is DENIED; and

3. His complaint (Dkt. No. 1) is DISMISSED WITHOUT PREJUDICE, and the court GRANTS Farmer leave to amend.

**To proceed with this action, Farmer must file an amended complaint, naming as a defendant every person he intends to sue and specifically describing how each person violated his federal rights. Each claim should be separately numbered and should identify the specific defendant or defendants he is bringing it against.** If he is unsure of the full name or position of any defendant, he should provide as much information as he can, including, for example, a physical description of that person.

10

This amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier-filed complaint, document, or attachment. **PLAINTIFF IS ADVISED THAT HIS FAILURE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS AFTER ENTRY OF THIS ORDER SHALL RESULT IN THE DISMISSAL OF THIS CASE.**

Alternatively, if Farmer needs more time to file an amended complaint or does not want to proceed at this time, he may voluntarily dismiss this action and file a new action when he is prepared to do so, subject to the applicable statute of limitations.

The Clerk is DIRECTED to provide a copy of this opinion and order to Farmer, along with a blank 42 U.S.C. § 1983 form.

Entered: July 2, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge